# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOYCE ANGELA SHATTEEN | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-107 |
| | § | (Judge Schneider/Judge Mazzant) |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| National Association, dba, | § | |
| JPMORGAN CHASE & CO. | § | |
| successor to | § | |
| WASHINGTON MUTUAL BANK | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On September 30, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss pro se[1] Plaintiff Joyce Angela Shatteen's Second Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for More Definite Statement should be granted in part and denied in part.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

---

[1] Although Plaintiff is proceeding *pro se*, the Court notes she is a practicing attorney, admitted to the practice of law in Ohio.

It is, therefore, **ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss pro se Plaintiff Joyce Angela Shatteen's Second Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, Motion for More Definite Statement (Dkt. #9) is granted in part and denied in part. The dismissed claims are: (1) Plaintiff's claims based on a violation of the Texas Deceptive Trade Practices-Consumer Protection Act; (2) Plaintiff's claims based on a violation of the Texas Business and Commerce Code § 27.01; (3) Plaintiff's claim for breach of contract; (4) Plaintiff's claims based on a violation of "recent federal law initiatives" related to the mortgage crisis and economic recession; and (5) Plaintiff's claims based on a violation of § 2605 of the RESPA. The two surviving claims are: (1) Plaintiff's claim of common law fraud; and (2) Plaintiff's claim based on the doctrine of promissory estoppel.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of November, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE